142 F.3d 443
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nkem Oruh EZEUKA, Petitioner,
v.
Immigration and Naturalization Service, Respondent.
 No. 96-71035.
I & NS No. Aoi-etx-lrw.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted Apr. 8, 1998**.
Decided Apr. 16, 1998.
 
 Petition to Review a Decision of the Board of Immigration Appeals.
 Before FARRIS, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Nkem Oruh Ezeuka petitions for review of the Board of Immigration Appeals' decision dismissing her appeal from the immigration judge's denial of her application for asylum and withholding of deportation. We deny the petition.
 
 
 3
 1. Our review of the BIA's determination that Ezeuka did not establish her eligibility for asylum is under a substantial evidence standard. See INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992). We must uphold its decision unless "a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Id. That is, to prevail Ezeuka would have to "show that the evidence [she] presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 483-84, 112 S.Ct. at 817; see also Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (en banc); Prasad v. INS, 47 F.3d 336, 338-39 (9th Cir.1995). Ezeuka has not met that heavy burden. While she did present some evidence that some members of the Ogoni tribe in Nigeria, particularly spokesmen, were being abused because of disputes with the government over oil, and that a family member who had engaged in those disputes was among them, she did not show that she would be persecuted on that account. In addition, the BIA, for good and sufficient reasons, expressed doubt about her claim that her father was killed for political reasons. See de Leon-Barrios v. INS, 116 F.3d 391, 393-94 (9th Cir.1997); Saballo-Cortez v. INS, 761 F.2d 1259, 1264 & nn. 3-4 (9th Cir.1985). Moreover, the BIA determined that she did not present sufficient evidence to show that she had been persecuted by mutilation in the past, even though that evidence should have been available to her if she had been. Similarly, she did not present evidence that she, or her daughter, would be persecuted in the future. We are unable to say that the BIA erred.
 
 
 4
 2. Because Ezeuka failed to meet her burden to show eligibility for asylum, she also failed to meet her burden to show eligibility for withholding of deportation. See Fisher, 79 F.3d at 961; Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 5
 PETITION DENIED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3